JUDGE CEDARBAUM

FILE COPY

07 CV 4651

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: DANIEL P. FILOR
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2726

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA,

                Plaintiff,

                -v.-

WILLIAM WRIGHT, 310 WEST 56TH
STREET CORPORATION, BAYVIEW
LOAN SERVICING LLC, NEW YORK
STATE DEPARTMENT OF TAXATION
AND FINANCE, AMERICAN EXPRESS
CENTURION BANK, NEW YORK CITY
DEPARTMENT OF FINANCE, and
JOHN DOES 1-10,

                Defendants.
------------------------------------------------------------x

ECF Case

JUN 0 1 2007

COMPLAINT

07 Civ. _____ ( )

Plaintiff, the United States of America, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, alleges upon information and belief for its complaint as follows:

### INTRODUCTION

1.     This is a civil action brought by the plaintiff, the United States of America (the "United States"), on behalf of its agency the Internal Revenue Service (the "IRS"), to (a) reduce to judgment assessments of certain federal tax liabilities of the defendant William Wright ("Wright") for unpaid taxes, penalties, and interest provided by law, and (b) foreclose on a tax lien upon personal property owned by Wright, namely 181 shares of stock in 310

West 56th Street Corporation and the proprietary lease for Apartment 14A located at 310 West 56th Street in New York, New York.

2. This action has been authorized and requested by a delegate of the Secretary of the Treasury, and is brought at the direction of the Attorney General of the United States pursuant to the provisions of 26 U.S.C. §§ 7401 and 7403.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402(a) and 7403(a).

4. Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. §§ 1391(b) and 1396, because Wright resides within the Southern District of New York, the Apartment is located in the Southern District of New York, and the tax liabilities giving rise to this action accrued while Wright resided within the Southern District of New York.

5. Defendant William Wright is a natural person, and an attorney at law, whose last known address is 310 West 56th Street, Apartment 14A, New York, New York 10019. Wright currently owns 181 shares of stock in Defendant 310 West 56th Street Corporation ("310 Corporation"). These shares represent an interest in 310 Corporation and specifically Apartment 14A, to which Wright also holds a proprietary lease (all of Wright's rights, title, and interest in 310 Corporation and the apartment to which he holds a lease shall be referred to collectively as the "Apartment"). Upon information and belief, the value of the Apartment is approximately $650,000.

6. Defendant 310 Corporation is a New York corporation with offices in New York, New York. 310 Corporation owns the land and residential building located at 310 West 56th Street, Apartment 14A, New York, New York 10019, which includes the

Apartment. 310 Corporation may have or claim to have an interest in the proceeds of any sale of the Apartment.

7. Defendant Bayview Loan Servicing LLC ("Bayview") holds a mortgage on the Apartment. Bayview is a Delaware Corporation with offices located at 4425 Ponce De Leon Blvd, 5th Floor, Coral Gables, Florida 33146. Bayview may have or claim to have an interest in the proceeds of any sale of the Apartment.

8. Defendant New York State Department of Taxation and Finance ("New York Department of Taxation") is a government agency with offices located at 1740 Broadway, New York, New York 10019. New York Department of Taxation may have or claim to have an interest in the proceeds of any sale of the Apartment.

9. Defendant American Express Centurion Bank ("American Express") is a Delaware corporation with offices located at 200 Vesey Street, New York, New York 10285. American Express may have or claim to have an interest in the proceeds of any sale of the Apartment.

10. Defendant New York City Department of Finance ("City Department of Finance") is a government agency with offices located at 66 John Street, New York, New York 10038. City Department of Finance may have or claim to have an interest in the proceeds of any sale of the Apartment.

11. Defendants John Does 1-10 are fictitious persons or entities, unknown to plaintiff, who may have or claim to have an interest in the proceeds of any sale of the Apartment.

FIRST CLAIM TO RELIEF -- REDUCING ASSESSMENTS TO JUDGMENT

12. The allegations in paragraphs 1 through 11 above are repeated and realleged as though set forth fully herein.

13. On the dates indicated below, a duly authorized delegate of the Secretary of the Treasury made the following assessments against Wright for deficiencies in the payment of federal income taxes for the years 1996 through 2005, as follows:

| Tax Period | Type of Assessment | Date of Assessment | Amount of Assessment |
| --- | --- | --- | --- |
| 1996 | income taxes | June 2, 1997 | $9,564.00 |
| 1997 | income taxes | June 1, 1998 | $10,759.00 |
| 1998 | income taxes | May 31, 1999 | $20,190.00 |
| 1998 | income taxes | June 28, 1999 | $1,616.00 |
| 1999 | income taxes | May 29, 2000 | $39,495.53 |
| 2000 | income taxes | May 28, 2001 | $32,277.00 |
| 2001 | income taxes | August 19, 2002 | $26,893.00 |
| 2002 | income taxes | June 2, 2003 | $25,851.00 |
| 2003 | income taxes | May 31, 2004 | $21,201.00 |
| 2004 | income taxes | June 6, 2005 | $10,837.00 |
| 2005 | income taxes | May 22, 2006 | $15,576.00 |

14. In addition to the assessments of the foregoing amount with respect to federal income taxes for the 1996 through 2005 tax periods, interest and penalties were assessed against Wright in the following amounts:

| Tax Period | Type of Assessment | Date of Assessment | Amount of Assessment |
| --- | --- | --- | --- |
| 1996 | interest and penalties | June 2, 1997 | $718.54 |
| 1997 | interest and penalties | June 1, 1998 | $791.44 |
| 1998 | interest and penalties | May 31, 1999 | $959.05 |
| 1999 | interest and penalties | May 29, 2000 | $1,849.28 |
| 2000 | interest and penalties | May 28, 2001 | $2,263.53 |
| 2000 | interest and penalties | August 27, 2001 | $1,446.75 |
| 2001 | interest and penalties | August 19, 2002 | $1,937.19 |
| 2002 | interest and penalties | June 2, 2003 | $1,214.32 |
| 2002 | interest and penalties | August 4, 2003 | $622.33 |
| 2003 | interest and penalties | May 31, 2004 | $815.02 |
| 2004 | interest and penalties | June 6, 2005 | $455.74 |
| 2005 | interest and penalties | May 22, 2006 | $378.67 |

15. On or about the dates of assessment set forth in the table in paragraph 13 above, the IRS issued notices of assessment and demands for payment to Wright. The IRS has made numerous other attempts to collect the foregoing tax liabilities through

correspondence and direct contact with Wright, all of which have been unsuccessful. Wright has refused to cooperate in the final settlement of his account. The IRS has exhausted all administrative remedies in attempting to collect the amounts due.

16. By reason of the foregoing, and pursuant to 26 U.S.C. § 6321 and 6322, federal tax liens arose as of the dates of the assessments in favor of the United States upon all property and rights to property of Wright.

17. On January 25, 1999, the IRS filed a Notice of Federal Tax Lien (the "1999 Lien") against Wright in New York County, New York, for the deficiencies in payment of the 1996 and 1997 income taxes, interest and penalties listed in paragraphs 13 and 14 above. At the time, the unpaid balance subject to this lien was $21,832.98.

18. On April 11, 2001, the IRS filed a Notice of Federal Tax Lien (the "April 2001 Lien") against Wright in New York County, New York, for the deficiencies in payment of the 1998 and 1999 income taxes, interest and penalties listed in paragraphs 13 and 14 above. At the time, the unpaid balance subject to this lien was $64,095.86.

19. On September 4, 2001, the IRS filed a Notice of Federal Tax Lien (the "September 2001 Lien") against Wright in New York County, New York, for the deficiencies in payment of the 2000 income taxes, interest and penalties listed in paragraphs 13 and 14 above. At the time, the unpaid balance subject to this lien was $35,487.28.

20. On April 14, 2006, the IRS filed a Notice of Federal Tax Lien (the "April 2006 Lien") against Wright in New York County, New York, for the deficiencies in payment of the 2001, 2002, 2003 and 2004 income taxes, interest and penalties listed in paragraphs 13 and 14 above. At the time, the unpaid balance subject to this lien was $89,426.60.

21. On November 1, 2006, the IRS filed a Notice of Federal Tax Lien (the "November 2006 Lien") against Wright in New York County, New York, for the deficiencies

in payment of the 2005 income taxes, interest and penalties listed in paragraphs 13 and 14 above. At the time, the unpaid balance subject to this lien was $16,242.67.

22. Despite the notices of assessments and demands for payment described above, Wright failed to pay the assessed amounts, and remains liable to the United States for unpaid federal income taxes for the 1996 through 2005 tax periods, and for related interest, additions, and penalties, in the total amount of $372,295.87 as of May 15, 2007, plus statutory interest and additions accruing after that date according to law.

23. By this action, the United States seeks to reduce the aforementioned tax assessments to judgment.

## SECOND CLAIM TO RELIEF -- FORECLOSE

24. The allegations in paragraphs 1 through 23 above are repeated and realleged as though set forth fully herein.

25. The federal tax liens arising in favor of the United States, described above, attached to all property or rights to property that Wright owned as of the dates of the federal tax assessments and thereafter acquired. By this action the United States seeks to foreclose its liens against property owned by Wright as of the dates of the federal tax assessments and thereafter acquired, specifically the Apartment.

26. Wright and his spouse or former spouse, Marilyn Wright, jointly purchased the Apartment on or about June 10, 1982.

27. Upon information and belief, Wright is currently the sole owner of the 181 shares of stock in the Apartment.

28. The federal tax lien against all property and rights to property of Wright attached to his interest in the Apartment, on the dates the assessments were made, and the liens have remained attached to the Apartment from those dates to the present.

29. The federal tax liens have not been satisfied in part or in full.

30. Defendants 310 Corporation, Bayview, American Express, New York Department of Taxation, and City Department of Finance are named party defendants herein because any, some, or all may have, or may claim to have, an interest in or lien on the Apartment.

31. Defendants John Does Nos. 1-10 are named parties herein because any, some, or all may have or claim to have an interest in or lien on the Apartment.

32. On information and belief, no other person or entity has an interest in the Apartment.

33. No other action has been commenced at law or otherwise for the recovery of this sum or any part thereof.

WHEREFORE, the plaintiff, the United States of America, demands judgment:

(a) reducing to judgment defendant William Wright's assessed tax liabilities as described in paragraphs 13 and 14 above, including taxes, penalties, interest, fees, and statutory additions, which as of May 15, 2007, totaled $372,295.87 plus interest and statutory additions accruing thereon from May 15, 2007, according to law (less any payment made and credited against the foregoing);

(b) declaring that William Wright's interest in the Apartment is subject to valid and existing federal tax liens;

(c) declaring that the defendants, and all other persons whose interest in the Apartment is subordinate to or recorded after the attachment of the Government's lien, be forever barred and foreclosed from all right, title, claim, lien or other interest in the Apartment;

(d) directing the foreclosure of the IRS tax liens upon the Apartment and sale of the Apartment by an officer of this court with the proceeds to be applied to the debt due plaintiff under the lien, together with interest to the date of payment, plus costs and disbursements of this action;

(e) adjudging William Wright liable for a deficiency judgment, in the event of a deficiency in the amount collected upon the sale of the Apartment, in the amount of any such deficiency;

(f) directing that any current occupant of the Apartment vacate it on or before the date of foreclosure upon the lien; and

(g) granting the United States its costs and disbursements, and such further relief as the Court may deem just and proper.

Dated: New York, New York
       June 1, 2007

                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York
                              Attorney for the United States of America

By: _____
     DANIEL P. FILOR
     Assistant United States Attorney
     86 Chambers Street, 3rd Floor
     New York, New York 10007
     Telephone: (212) 637-2726
     Facsimile: (212) 637-2717