**RAJAN PATEL, ESQ.**
747 Chestnut Ridge Road
Suite 200
Chestnut Ridge, NY 10977
(845) 352-3434
Attorney for Defendant,
*Bayview Loan Servicing, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM WRIGHT, 310 WEST 56TH STREET CORPORATION, BAYVIEW LOAN SERVICING LLC, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, AMERICAN EXPRESS CENTURION BANK, NEW YORK CITY DEPARTMENT OF FINANCE and JOHN DOES 1-10<br><br>Defendants. | ECF CASE<br><br><br><br>CIVIL ACTION NO. **07-4651 (SHS)**<br><br><br><br>**ANSWER OF BAYVIEW LOAN SERVICING, LLC**<br><br>**(Document submitted for electronic filing)** |

Defendant, Bayview Loan Servicing, LLC ("Bayview"), maintaining its principal office at 4425 Ponce DeLeon Boulevard, Coral Gables, Florida 33146, as its Answer to the Complaint of the United States of America ("IRS"), with Affirmative Defense, says as follows:

## **INTRODUCTION**

1. No affirmative response is required of Bayview as the IRS sets forth the basis of this litigation in paragraph 1 of the Complaint.

2. No affirmative response is required of Bayview as the IRS sets forth its authorization to commence this litigation in paragraph 2 of the Complaint.

## **JURISDICTION AND VENUE**

3. Bayview is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint. Notwithstanding same, Bayview does not contest the Court's jurisdiction and proper venue.

4. Bayview is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint. Notwithstanding same, Bayview does not contest the Court's jurisdiction and proper venue.

5. Bayview is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, except Bayview admits, upon information and belief, that William Wright is the present owner of 181 shares of stock in co-defendant, 310 West 56th Street Corporation and that William Wright is the lessee under a certain proprietary lease appurtenant to apartment 14A where 310 West 56th Street Corporation is the lessor.

6. Bayview, upon information and belief, admits to the allegations in paragraph 6 of the Complaint.

- 3 -

7. Bayview admits to the allegations in paragraph 7 of the Complaint except to state it is a Limited Liability Company not a corporation and to assert that it does have a superior interest in the proceeds of any sale of the subject apartment as detailed below in paragraph 30.

8. Bayview is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Bayview is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Bayview is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Bayview is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

## **FIRST CLAIM TO RELIEF – REDUCING ASSESSMENTS TO JUDGMENT**

12. Bayview repeats and realleges its prior responses numbered 1-11 above as if set forth herein fully at length.

13. Bayview is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Bayview is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Bayview is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Bayview is without sufficient knowledge or information to form a belief as to the truth of the legal conclusion contained in paragraph 16 of the Complaint.

17. Bayview is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Bayview is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. Bayview is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Bayview is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Bayview is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Bayview is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. No affirmative response is required of Bayview as paragraph 23 of the Complaint summarizes the relief sought by the IRS in its First Claim for Relief.

**SECOND CLAIM FOR RELIEF - FORECLOSE**

24. Bayview repeats and realleges its prior responses numbered 1-23 above as if set forth herein fully at length.

25. Bayview is without sufficient knowledge or information to form a belief as to the truth of the legal conclusion and allegations contained in paragraph 25 of the Complaint.

26. Bayview is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. Bayview, upon information and belief, admits to the allegations in paragraph 27 of the Complaint.

28. Bayview is without sufficient knowledge or information to form a belief as to the truth of the legal conclusion and allegations contained in paragraph 28 of the Complaint.

29. Bayview is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. Bayview is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, except to state that it is the present holder of a security interest in and against the subject Apartment, by virtue of a loan made by Empire of America Federal Savings Bank to William R. Wright on May 2, 1985 for the sum of $105,000.00. A security interest was perfected against the Apartment in May of 1985 by the filing of a UCC-1 instrument in the New York County Clerk/Register's Office and in the Secretary of State's Office for the State of New York. Upon information and belief, said security interest was duly continued and assigned for the ultimate benefit of

Bayview. Bayview's interest in the Apartment is superior to that of the IRS and the co-defendants, except as may be specified in the governing documents relating to 310 West 56th Street Corporation.

31. Bayview is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32. Bayview is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. Bayview is without sufficient knowledge or information to form a belief as to the tr uth of the allegations contained in paragraph 33 of the Complaint.

**WHEREFORE**, Bayview demands judgment:

(a) Adjudging the priority of Bayview's security interest in the Apartment vis-a-vis the IRS;

(b) Adjudging the priority of Bayview's security interest in the Apartment vis-à-vis all appearing co-defendants;

(c) Adjudging that any private or foreclosure sale of the Apartment be subject to the security interest/lien if Bayview;

(d) Adjudging the priority of Bayview's security interest in any private or foreclosure sale proceeds, relative to the IRS and co-defendants;

(e) For such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. The IRS' compliance with 26 U.S.C. §6323(a) post-dates the original perfection date of Bayview's security interest and thus all alleged assessments, judgments and liens are subordinate to the interest of Bayview.

**RAJAN PATEL, ESQ.**
Attorney for Defendant,
*Bayview Loan Servicing, LLC*

By: /s Rajan Patel

RP-4021
747 Chestnut Ridge Road
Suite 200
Chestnut Ridge, NY 10977
(845) 352-3434

Dated: September 12, 2007

## CERTIFICATION

I hereby certify that the matter in controversy is not presently subject of any other court, arbitration or administrative proceeding.

                                 **RAJAN PATEL, ESQ.**
                                 Attorney for Defendant,
                                 *Bayview Loan Servicing, LLC*

                                 By: /s Rajan Patel

Dated: September 12, 2007

## CERTIFICATION OF SERVICE

I, Rajan Patel, a member of the Bar of this Court, hereby certify that a copy of the within Answer was served this day upon the following parties/respective counsel, at the address and manner described below:

Attn: Daniel P. Filor, Esq.
      Asst. U.S. Attorney
U.S. Dept. of Justice
86 Chambers Street
3rd Floor
New York, NY 10007
*Attorney for Plaintiff*

Attn: Alan Gitter, Esq.
Attorney General, State of New York
300 Motor Parkway
Ste. 125
Hauppague, NY 11788
*Attorney for NYS Dept. of Taxation and Finance*

Alan S. Roth, Esq.
345 Adams Street
Brooklyn, NY 11201-3719
*Attorney for New York City Department of Finance*

Attn: Maia M. Walter, Esq.
Kaufman, Friedman, Plotnicki & Grun, LLP
300 East 42nd Street
New York, NY 10017-5947
*Attorney for 310 East 56th Street Corporation*

William R. Wright

250 West 57th Street, Ste. 814
New York, NY 10107
*Pro Se*

American Express Centurion Bank
200 Vesey Street
New York, NY 10285

                              **RAJAN PATEL, ESQ.**
                              Attorney for Defendant,
                              *Bayview Loan Servicing, LLC*

                              By: /s Rajan Patel

Dated:  September 12, 2007