Kaufman Friedman Plotnicki & Grun, LLP
300 East 42nd Street, 8th Floor
New York, New York 10017
Telephone: (212) 687-1700
By:  Maia M. Walter, Esq. (mw7921)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ECF Case |
| Plaintiff, | |
| -against- | **ANSWER** <br> **WITH CROSS-CLAIM** |
| WILLIAM WRIGHT, 310 WEST 56TH STREET CORPORATION, BAYVIEW LOAN SERVICING LLC, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, AMERICAN EXPRESS CENTURION BANK, NEW YORK CITY DEPARTMENT OF FINANCE, and JOHN DOES 1-10, | **07 CV 4651 (SHS)** |
| Defendants. | |

Defendant 310 West 56th Street Corporation ("310 Corporation"), by its attorneys, Kaufman Friedman Plotnicki & Grun, LLP, for its answer to the complaint of plaintiff the United States of America ("Plaintiff") herein, respectfully alleges as follows:

1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 2, 4, 7, 8, 9, 10, and 11 of the complaint.

2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint except admits that defendant William Wright ("Wright") is a natural person who currently owns 181 shares of stock in 310

Corporation, that these shares represent an interest in 310 Corporation and are appurtenant to

Apartment 14A ("Apartment") in the residential building located at 310 West 56th Street, New

York, New York 10019 ("Building"), and that Wright is the proprietary lessee of the Apartment

pursuant to a proprietary lease with respect to which 310 Corporation is the proprietary lessor

("Proprietary Lease").

        3.      Denies the allegations contained in paragraph 6 of the complaint, except

admits that, (i) pursuant to Article VI, Section 6, of the by-laws of 310 Corporation ("By-Laws")

and the stock certificate issued for the 181 shares of 310 Corporation owned by Wright, 310

Corporation is entitled to a lien for unpaid maintenance with respect to the Apartment, and (ii)

that 310 Corporation owns the Building.


### ANSWERING PLAINTIFF'S FIRST CLAIM TO RELIEF -- REDUCING ASSESSMENTS TO JUDGMENT

        4.      Repeats the admissions and denials to the paragraphs of the complaint

repeated and realleged in paragraph 12.

        5.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraphs 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, and 23 of the

complaint.


### ANSWERING PLAINTIFF'S SECOND CLAIM TO RELIEF - FORCLOSE

        6.      Repeats the admissions and denials to the paragraphs of the complaint

repeated and realleged in paragraph 24.

7.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 25, 28, 29, 31, 32, and 33 of the complaint.

8.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the complaint, except admits that, pursuant to (i) the stock certificate issued for the 181 shares of stock in 310 Corporation owned by Wright, (ii) Article VI, Section 6 of the By-Laws and (iii) the Proprietary Lease, 310 Corporation is entitled to a lien for unpaid maintenance with respect to the Apartment.

## AS AND FOR AN AFFIRMATIVE DEFENSE, FIRST CROSS-CLAIM AGAINST ALL CO-DEFENDANTS AND CLAIM FOR SURPLUS MONIES

9.     Pursuant to paragraph 1 of the Proprietary Lease, Wright is obligated to make payment of maintenance to 310 Corporation in monthly installments on the first day of each month.

10.     Wright has defaulted in the payment of maintenance and other charges owed to 310 Corporation through September 10, 2007.  Such unpaid maintenance currently aggregates to the sum of $1,505.73 through September 10, 2007.

11.     Pursuant to Article VI, Section 6, of the By-Laws and the stock certificate issued for the 181 shares of stock in 310 Corporation owned by Wright, 310 Corporation is entitled to a lien for any unpaid maintenance with respect to the Apartment.

12.     Said lien includes any unpaid maintenance accruing subsequent to the date herein, and pursuant to paragraph 12 of the Proprietary Lease, interest thereon at the maximum legal rate from the date when such maintenance shall have become due, which interest is deemed as additional maintenance.

13.     Pursuant to paragraph 28 of the Proprietary Lease, said lien includes all attorneys' fees, costs and disbursements incurred by 310 Corporation in connection with Wright's default in the payment of such maintenance, which sums are deemed as additional maintenance.

14.     Accordingly, 310 Corporation hereby makes a claim to any surplus monies that may arise out of any foreclosure sale of the 181 shares of stock in 310 Corporation owned by Wright, which shares are appurtenant to the Apartment, or so much of said surplus as will satisfy the lien of 310 Corporation, which includes, but is not limited to, all the unpaid maintenance due to 310 Corporation through the entry date of the judgment of foreclosure entered in this action, together with interest on such amounts and any attorneys' fees, costs and disbursements incurred by 310 Corporation with respect to Wright's default under the Proprietary Lease and this action.

15.     310 Corporation is entitled to satisfaction of its lien from such surplus monies prior to any payment to Wright or any other lienholders other than Plaintiff.

**AND AS FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANT WRIGHT AND DEMAND FOR DEFICIENCY JUDGMENT**

16.     310 Corporation repeats and realleges each and every allegation contained in paragraphs 1 through 15 of this answer as though set forth in full herein.

17.     In the event there are no surplus monies or the surplus monies arising from the sale are insufficient to satisfy the lien of 310 Corporation, then 310 Corporation hereby reserves its right to move this Court by appropriate application for a deficiency judgment against Wright and for such other and further relief as may be provided for by law.

- 4 -

### AND AS FOR A THIRD CROSS-CLAIM
### AGAINST CO-DEFENDANT WILLIAM WRIGHT

18.    310 Corporation repeats and realleges each and every allegation contained in paragraphs 1 through 15 of this answer as though set forth in full herein.

19.    310 Corporation is entitled to a judgment against Wright in the amount of any unpaid maintenance due to 310 Corporation through the entry date of the judgment of foreclosure in this action, together with interest on such amounts and any attorneys' fees, costs and disbursements incurred by 310 Corporation with respect to Wright's default under the Proprietary Lease and this action.

WHEREFORE, defendant 310 West 56th Street Corporation requests judgment

as follows:

a)    On the first cross-claim as against all co-defendants, upon the sale of the 181 shares of 310 West 56th Street Corporation that are appurtenant to the Apartment, directing that the lien of 310 West 56th Street Corporation for all unpaid maintenance and other charges due from co-defendant William Wright under the Proprietary Lease through the entry date of the judgment of foreclosure, together with interest on such amounts and any attorneys' fees, costs and disbursements incurred by 310 West 56th Street Corporation with respect to Wright's default under the Proprietary Lease and this action, be satisfied out of the surplus of said sale prior to any payments to co-defendant William Wright or any other lienholders other than Plaintiff;

b)    On the second cross-claim as against co-defendant William Wright, in the event there are no surplus monies or the surplus monies arising from the foreclosure sale are insufficient to satisfy the lien of 310 West 56th Street Corporation and pay all sums due and owing to 310 West 56th Street Corporation, for a deficiency judgment against co-defendant William Wright, after the appropriate application is filed with this Court;

c)    On the third cross-claim as against co-defendant William Wright, for a judgment in the amount of any unpaid maintenance and other charges due from co-defendant William Wright under the Proprietary Lease through the entry date of the judgment of foreclosure, together with interest on such amounts and all attorneys' fees, costs and disbursements incurred by 310 West 56th Street Corporation in connection with William Wright's default under the Proprietary Lease and this action; and

d)    Awarding 310 West 56th Street Corporation such other and further relief as is just and proper.

Dated:  New York, New York
          September 10, 2007

Kaufman Friedman Plotnicki & Grun, LLP
*Attorneys for Defendant 310 West 56th Street Corporation*
300 East 42nd Street, 8th Floor
New York, New York 10017
Telephone:  (212) 687-1700
Facsimile: (212) 687-3179


By: _____s/_____
      Maia M. Walter, Esq. (mw7921)

To:    Michael J. Garcia
       United States Attorney for the Southern District of New York
       *Attorney for Plaintiff the United States of America*
       By:  Daniel P. Filor, Esq.
       Assistant United States Attorney
       86 Chambers Street, 3rd Floor
       New York, New York 10007
       Telephone: (212) 637-2726
       Facsimile: (212) 636-2717


_____    William Wright
           *Co-Defendant*
           Apartment 14A
           310 West 56th Street
           New York, New York 10019