ult Judgment.
of default for
a default judg-

ates. A default
st the United
es only if the
ht to relief by

, 1987; April 30,

TES

ecree *pro confes-*
poena—Time for
ult—Decree *Pro*
ollowed by Final
nses—How Pre-
en Cause at Is-
erned by U.S.C.,
For dismissal of
les or any order

for the entry of
tice, 2 Mass.Gen.
fidavit of default,

in paragraph (1)
plaintiff claims a
(1937) § 485, in
585(1), and in
visions similar to
*upra*, § 585(2);
(Mason, 1927)
n, 1932) § 411(2).
Action to recover
preserved by the

substantially the
3 (Action against
). As this rule
tes, U.S.C., Title
in certain cases
milar statutes are
nconsistent there-

gment) is directly
Relief Act of 1940,
200 of the Act [50
quirements which
t can be entered,
Fed.Rules Serv.
provides for the
nces. See discus-
on Legislation on

the Federal Rules, 1940, 3 Fed.Rules Serv. 725; 3 *Moore's Federal Practice*, 1938, Cum.Supplement § 55.02.

### 1987 Amendment

The amendments are technical. No substantive change is intended.

### 2007 Amendments

The language of Rule 55 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

Former Rule 55(a) directed the clerk to enter a default when a party failed to plead or otherwise defend "as provided by these rules." The implication from the reference to defending "as provided by these rules" seemed to be that the clerk should enter a default even if a party did something showing an intent to defend, but that act was not specifically described by the rules. Courts in fact have rejected that implication. Acts that show an intent to defend have frequently prevented a default even though not connected to any particular rule. "[A]s provided by these rules" is deleted to reflect Rule 55(a)'s actual meaning.

Amended Rule 55 omits former Rule 55(d), which included two provisions. The first recognized that Rule 55 applies to described claimants. The list was incomplete and unnecessary. Rule 55(a) applies Rule 55 to any party against whom a judgment for affirmative relief is requested. The second provision was a redundant reminder that Rule 54(c) limits the relief available by default judgment.

## Rule 56. Summary Judgment

**(a) By a Claiming Party.** A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. The motion may be filed at any time after:

(1) 20 days have passed from commencement of the action; or

(2) the opposing party serves a motion for summary judgment.

**(b) By a Defending Party.** A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim.

**(c) Serving the Motion; Proceedings.** The motion must be served at least 10 days before the day set for the hearing. An opposing party may serve opposing affidavits before the hearing day. The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

**(d) Case Not Fully Adjudicated on the Motion.**

(1) ***Establishing Facts.*** If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts—including items of damages or other relief—are not genuinely at issue. The facts so specified must be treated as established in the action.

(2) ***Establishing Liability.*** An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.

**(e) Affidavits; Further Testimony.**

(1) ***In General.*** A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

(2) ***Opposing Party's Obligation to Respond.*** When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

**(f) When Affidavits Are Unavailable.** If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) deny the motion;

(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

(3) issue any other just order.

**(g) Affidavit Submitted in Bad Faith.** If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt.

**Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary Judgment**

(a) Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, ***in numbered paragraphs***, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.

(b) The papers opposing a motion for summary judgment shall include ***a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing*** a separate, short and concise statement of ***additional*** material facts as to which it is contended that there exists a genuine issue to be tried.

(c) ***Each numbered paragraph in the statement of*** material facts set forth in the statement required to be served by the moving party will be deemed to be admitted ***for purposes of the motion*** unless ***specifically*** controverted by ***a correspondingly numbered paragraph in*** the statement required to be served by the opposing party.

(d) Each statement ***by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact,*** must be followed by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e).