# EXHIBIT K

Kaufman Friedman Plotnicki & Grun, LLP
300 East 42nd Street, 8th Floor
New York, New York 10017
Telephone: (212) 687-1700
By: Maia M. Walter, Esq. (mw7921)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                              Plaintiffs,

        - against -

WILLIAM WRIGHT, 310 WEST 56TH STREET
CORPORATION, BAYVIEW LOAN SERVICING
LLC, NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE, AMERICAN
EXPRESS CENTURION BANK, NEW YORK
CITY DEPARTMENT OF FINANCE and JOHN
DOES 1-10,

                              Defendants.

ECF Case

RESPONSE OF DEFENDANT
310 WEST 56TH STREET CORPORATION
TO INTERROGATORIES OF PLAINTIFF
THE UNITED STATES OF AMERICA

07 CV 4651 (SHS)

        Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, and Local

Civil Rule 33.3, defendant 310 West 56th Street Corporation ("310 Corporation") responds as

follows to the First Set of Interrogatories and Request for Documents dated November 26, 2007

of plaintiff The United States of America, as follows:

## INTRODUCTORY STATEMENT

        By responding to any Interrogatory, 310 Corporation does not concede the

relevancy or materiality of the subject to which such request refers.  310 Corporation reserves the

right to object on all grounds, including, without limitation, relevancy, materiality and

admissibility at trial or in other proceedings in this action.

        310 Corporation reserves the right to correct, clarify, modify, amend or

supplement responses to any Interrogatory if and when it has other or more accurate information or other responsive, non-privileged documents. 310 Corporation reserves the right to introduce into evidence at trial, or in other proceedings in this action, documents discovered subsequent to the date of this Response.

## GENERAL OBJECTIONS

1.    310 Corporation objects generally to the Interrogatories to the extent they seek to require 310 Corporation to provide information relating to matters that are not legitimately raised in Plaintiffs' Complaint and are neither relevant to this proceeding nor reasonably calculated to lead to the discovery of admissible evidence.

2.    310 Corporation objects generally to the Interrogatories to the extent they are overbroad and unduly burdensome.

3.    310 Corporation reserves the right to modify its objections and make additional objections, and 310 Corporation's responses are without waiver of or prejudice to any objections.

4.    Each of the foregoing general objections and reservations is hereby incorporated in the Responses to Interrogatories set forth below.

## DEFINITIONS

Unless otherwise specified, the terms used in this Response to Interrogatories shall be identified in the following manner:

1.    "Plaintiff" shall mean The United States of America.

2.    "Wright " shall mean co-defendant William Wright.

3.    "Building" shall mean the cooperatively-owned building located at 310 West 56th Street, New York, New York.

4.    "Premises" shall mean Apartment 14A in the Building.

## RESPONSES TO INTERROGATORIES

Subject to and without waiving the foregoing objections, 310 Corporation answers the interrogatories as follows:

**INTERROGATORY No. 1**:  Identify each Person with knowledge of Wright's use of the Premises from January 1, 1995 to the present, including whether the Premises had ever been sublet during that period.

**Response:** 310 Corporation is not aware of the identity of any persons that sublet the Premises from January 1, 1995 to the present, and 310 Corporation does not have any application or written request from Wright in its files in which Wright requests permission to sublet the Premises.  310 Corporation is not aware of any other persons who have information concerning 310 Corporation's interest in the Premises other than Richard Herz, the prior shareholder of the shares appurtenant to the Apartment, as set forth in the Contract of Sale dated June 10, 1982; and Marilyn A. Wright, identified as Wright's wife in the Contract of Sale, who assigned her interest in the proprietary lease with respect to the Premises to Wright by Assignment of Proprietary Lease dated May 2, 1985.

**INTERROGATORY No. 2:**  Identify each Person who, from January 1, 1995 to the present, ever resided at the Premises or who, whether or not such Person ever resided there, was identified by Wright as having resided at the Premises, including, but not limited to, any Persons identified as being members of Wright's household and any subtenants.

**Response:** 310 Corporation is not aware of the identity of any other persons who may have resided at the Premises from January 1, 1995 to the present.

**INTERROGATORY No. 3**:  Identify all documents received, generated, and/or maintained by 310 Corporation concerning the Premises since Wright became a shareholder of 310 Corporation, including all documents relating to maintenance charges and other charges associated with the Premises.

> **Response:**  310 Corporation annexes hereto as Exhibit A the following documents: Contract of Sale between Richard Herz and Wright and Marilyn A. Wright, dated June 10, 1982; Assignment of Proprietary Lease dated May 2, 1985, signed by Marilyn A. Wright and Wright; Recognition Agreement with respect to the Premises signed by Wright, 310 Corporation, and Empire of America, FSB; Consent to assignment of 181 shares of stock of 310 Corporation dated August 3, 1982; Assignment of Proprietary Lease dated August 6, 1982 signed by Richard Herz; and copies of the Stock Certificate of 181 shares of stock in 310 Corporation which are appurtenant to the Premises, dated August 6, 1982.

**INTERROGATORY No. 4**:  Identify each document concerning any ownership interest that any Person, including Wright, ever had/or currently has in the Premises since the date on which Wright first became a shareholder in 310 Corporation.

> **Response:** 310 Corporation refers Plaintiff to the responses to Interrogatories Nos. 1 and 3, and documents annexed hereto as Exhibit A, and as annexed to 310 Corporation's Initial Disclosures dated November 10, 2007.  310 Corporation also annexes a *Notice of Our Plan to Sell Property* dated in 2005 as Exhibit B.

**INTERROGATORY No. 5**:  Identify each Person who has information concerning Wright's property, indebtedness, income, expenses, or other means for satisfying the outstanding federal tax liability and/or his ability to pay his federal tax liabilities as they cam due with respect to the Tax Period.

   **Response:**  310 Corporation is not in possession of any responsive information.

## RESPONSE TO REQUEST FOR DOCUMENTS

**REQUEST No. 1:**  All documents identified in your responses to any of the Interrogatories above.

   **Response:**  310 Corporation refers Plaintiff to the documents annexed hereto as Exhibit A and B, and annexed to 310 Corporation's Initial Disclosures dated November 10, 2007.

**REQUEST No. 2:**  All documents concerning, reflecting, or relating to Wright's income and expenses during the period January 1, 1995 to the present, including, but limited to, documents relating to maintenance, mortgage, real estate taxes, utilities, insurance, repairs, and any capital improvements or renovations associated with the Premises.

   **Response:**  310 Corporation annexes hereto computer records of all maintenance fees, charges, assessments with respect to the Premises from March 1992 to the present as Exhibit C.

**REQUEST No. 3**:  All documents since January 1, 1995, concerning an account of any kind at a bank or other financial institution that was used by Wright in connection with any charges or costs associated with the Premises.

**Response:** 310 Corporation refers Plaintiff to the responsive documents annexed hereto as Exhibits A, B, and C.

**REQUEST No. 4:** All deeds, leases, contracts and other documents representing an ownership interest and/or leasehold interest in the Premises held by any Person, including, but limited to, Wright and/or his Spouse, since January 1, 1995, and all deeds of trust, mortgages or other documents evidencing encumbrances of any kind on the Premises or any part thereof.

**Response:** 310 Corporation refers Plaintiff to the responsive documents annexed hereto as Exhibits A and B, and the documents produced with 310 Corporation's Initial Disclosures dated November 10, 2007.

**REQUEST No. 5:** All other documents which have or may contain information concerning Wright's property, indebtedness, income or other means for satisfying any outstanding federal tax liability and/or his ability to pay his federal tax liabilities as they cam due with respect to the Tax Period.

**Response:** 310 Corporation refers Plaintiff to the responsive documents annexed hereto as Exhibits A, B, and C, and the documents produced with 310 Corporation's Initial Disclosures dated November 10, 2007.

Dated:  New York, New York
        April 28, 2008

Kaufman Friedman Plotnicki & Grun, LLP
*Attorneys for defendant 310 West 56th Street Corp.*
300 East 42nd Street, 8th Floor
New York, New York 10017
(212) 687-1700

By: _____
            Maia. M Walter, Esq.

**VERIFICATION**

STATE OF NEW YORK    )
                               :ss.:
COUNTY OF NEW YORK  )

THOMAS YEE, being duly sworn, deposes and says:

I am the Assistant Secretary of 310 West 56th Street Corp. I have read the foregoing Response to Interrogatories, and the responses provided therein are true to my knowledge, except as to those responses provided upon information and belief, and as to those responses, I believe them to be true.

_____
THOMAS YEE

Sworn to before me this
28 day of April, 2008

_____
NOTARY PUBLIC

BARBARA A. BERRISFORD
NOTARY PUBLIC, State of New York
No. 41-4759364
Qualified in Queens County
Commission Expires March 30, 2010

-7-