# BY-LAWS

### of

## 310 WEST 56TH STREET CORPORATION

## ARTICLE I

### Purpose of Business

Section 1. The primary purpose of the Corporation is to provide residences for shareholders who shall be entitled, solely by reason of their ownership of shares, to proprietary leases for apartments in the building owned by the Corporation.

## ARTICLE II

### Meetings of Shareholders

Section 1. *Annual Meeting:* The annual meeting of the shareholders of the Corporation, for the election of directors and for such other business as may properly come before such meeting, shall be held in the Borough of Manhattan, City of New York, at such time and place before the 30th day of June each year as may be designated by the Board. The notice of the meeting shall be in writing and signed by the president or a vice president or the secretary or an assistant secretary. Such notice shall state the time when and the place within the state where it is to be held, and the secretary shall cause a copy thereof to be delivered personally or mailed to each shareholder of record of the Corporation entitled to vote at such meeting not less than ten nor more than forty days before the meeting. If mailed, it shall be directed to each such shareholder at his or her address as it appears on the share book, unless he or she shall have filed with the secretary of the Corporation a written request that notices intended for him or her be mailed to some other address, in which case it shall be mailed to the address designated in such request.

Section 2. *Special Meetings:* Special meetings of shareholders, other than those the calling of which is regulated by statute, may be called at any time by the president or secretary or by a majority of the Board of Directors. It shall also be the duty of the secretary to call such meetings whenever

requested in writing so to do by shareholders owning at least twenty-five per cent of the outstanding shares of the Corporation. The secretary shall cause a notice of such special meeting stating the time, place and object thereof and the officer or other person or persons by whom the meeting is called, to be delivered personally or mailed as provided in Section 1 of this Article to each shareholder of record of the Corporation entitled to vote at such meeting not less than ten nor more than forty days before such meeting. No business other than that stated in such notice shall be transacted at such special meeting unless the holders of all the outstanding shares of the Corporation be present thereat in person or by proxy.

Section 3.   *Waiver of Notices:*   The notice provided for in the two foregoing sections is not indispensable but any shareholders' meeting whatever shall be valid for all purposes if all the outstanding shares of the Corporation are represented thereat in person or by proxy, or if a quorum is present, as provided in the next succeeding section, and waiver of notice of the time, place and objects of such meeting shall be duly executed in writing either before or after said meeting by such shareholders as are not so represented and were not given such notice.

Section 4.   *Quorum:*   At each meeting of shareholders, except where otherwise provided by law, shareholders representing, in person or by proxy, a majority of the shares then issued and outstanding shall constitute a quorum; in case a quorum shall not be present at any meeting, the holders of a majority of the shares represented may adjourn the meeting to some future time and place. No notice of the time and place of the adjourned meeting need be given other than by announcement at the meeting. Only those shareholders who, if present at the original meeting, would have been entitled to vote thereat, shall be entitled to vote at any such adjourned meeting.

Section 5.   *Voting:*   At each meeting of shareholders each shareholder present in person or by proxy shall be entitled to one vote for each share of stock registered in his name at the time of service of notice of such meeting or at such prior date, not more than forty days before such meeting, as may be prescribed by the Board of Directors for the closing of the corporate stock transfer books or fixed by the Board of Directors as the date for determining which shareholders of record are entitled to notice of and to vote at such meeting. The proxies shall be in writing duly signed by the shareholder but need not be acknowledged or witnessed, and the person named as proxy by any shareholder need not himself be a shareholder of the Corporation. Voting by shareholders shall be viva voce unless any shareholder present at the meeting, in person or by proxy, demands a vote by written ballot, in which case the voting shall be by ballot, and each ballot shall state the name of the

shareholder voting and the number of shares owned by him, and in addition, the name of the proxy of such ballot if cast by a proxy. At all meetings of shareholders for election of directors of this corporation, each shareholder shall be entitled to as many votes as shall equal the number of votes which (except for these provisions) he would be entitled to cast for the election of directors with respect to his shares of stock multiplied by the number of directors to be elected, and he may cast all of such votes for a single director or may distribute them among the number to be voted for or any two or more of them as he may see fit.

Section 6.   *Inspectors of Election:*  Inspectors of election shall not be required to be appointed at any meeting of shareholders unless requested by a shareholder present (in person or by proxy) and entitled to vote at such meeting and upon the making of such request inspectors shall be appointed or elected as provided in Section 610 of the Business Corporation Law.

Section 7.   *Order of Business:*  So far as consistent with the purpose of the meeting, the order of business of each meeting of shareholders shall be as follows:

1. Call to order.

2. Presentation of proofs of due calling of the meeting.

3. Roll call and presentation and examination of proxies.

4. Reading of minutes of previous meeting or meetings, unless waived.

5. Reports of officers and committees.

6. Appointment or election of inspectors of election, if requested.

7. If the annual meeting or a special meeting called for that purpose, the election of directors.

8. Unfinished business.

9. New business.

10. Adjournment.

## ARTICLE III

### Directors

Section 1.  *Number:*  The number of the Directors of the Corporation shall be not less than three nor more than seven, as may from time to time be herein provided and, in the absence of such provision shall be three (3). Commencing with the first election of Directors by tenant-shareholders of the Corporation, and until changed by amendment of this By-law provision, as hereinafter provided, the number of Directors shall be seven (7). The number of Directors shall not be decreased to a number less than the number of Directors then in office except at an annual meeting of shareholders.

Section 2.  *Election:*  The Directors shall be elected at the annual meeting of shareholders or at a special meeting called for that purpose as provided by law, by a plurality of votes cast at such meeting. Their term of office shall be until the date herein fixed for the next annual meeting, and thereafter until their respective successors are elected and qualify. It shall not be necessary for a director of this Corporation to be a shareholder.

Section 3.  *Quorum:*  A majority of the Directors then authorized by these By-laws shall constitute a quorum.

Section 4.  *Vacancies:*  Vacancies in the Board of Directors resulting from death, resignation or otherwise may be filled without notice to any of the shareholders by a vote of a majority of the remaining directors present at the meeting at which such election is held even though no quorum is present, which may be at any regular meeting of the Board of Directors or any special meeting thereof called for such purpose. In the event of the failure to hold any election of directors at the time designated for the annual election of directors or in the event that the Board of Directors shall not have filled any such vacancy, a special meeting of shareholders to elect a new Board of Directors or to fill such vacancy or vacancies may be called in the manner generally provided for the calling of special meetings of shareholders. Vacancies in the Board of Directors resulting from an increase of the Board of Directors by amendment of these By-laws shall be filled in the manner provided in the resolution adopting such amendment. In case of a reduction of the authorized number of directors by amendment of these By-laws, the directors, if any, whose term of office shall cease, shall be determined in the manner provided in the resolution adopting such amendment.

Section 5.  *Meetings:*  The Board of Directors shall meet immediately after the annual meeting of shareholders without notice and also whenever

called together by any officer of the Corporation or upon the written request of any two directors then holding office, upon notice given to each director, by delivering personally, mailing or telegraphing the same to him at least two days prior to such meeting at the last address furnished by him to the Corporation. Regular meetings may be held without notice at such times and places as the Board of Directors may determine. Any meeting of the Board at which all the members shall be present, or of which notice shall be duly waived by all absentees, either before or after the holding of such meeting, shall be valid for all purposes provided a quorum be present. Meetings of directors may be held either at the principal office of the Corporation or elsewhere within the State of New York as provided in the notice calling the meeting, unless the Board of Directors by resolution adopt some further limitation in regard thereto. At all meetings of the Board of Directors, each director shall be entitled to one vote. The vote of a majority of the Board of Directors present at the time of a vote of a duly constituted meeting shall be the act of the Board of Directors.

Section 6. *Resignation and Removal:* Any director may resign at any time by written notice delivered in person or sent by certified or registered mail to the President or Secretary of the Corporation. Such resignation shall take effect at the time specified therein, and unless specifically requested acceptance of such resignation shall not be necessary to make it effective.

Any director may be removed from office without cause by the shareholders of the Corporation at a meeting duly called for that purpose.

Section 7. *Annual Cash Requirements:* The Board of Directors shall, except as may be otherwise restricted by the Proprietary Lease of the Corporation, from time to time, determine the cash requirements as defined in the Corporation's proprietary leases, and fix the terms and manner of payment of rent under the Corporation's proprietary leases. The Board of Directors shall have discretionary power to prescribe the manner of maintaining and operating the apartment house of the Corporation and to determine the cash requirements of the Corporation to be paid as aforesaid by the shareholder-tenants under their respective proprietary leases. Every such determination by the Board of Directors shall be final and conclusive as to all shareholder-tenants and any expenditures made by the Corporation's officers or its agent under the direction or with the approval of the Board of Directors of the Corporation shall, as against the shareholder-tenants, be deemed necessarily and properly made for such purpose.

Section 8. *House Rules:* The Board of Directors may from time to time, adopt and amend such house rules as it may deem necessary in respect to the

apartment building of the corporation for the health, safety and convenience of the shareholder-tenants. Copies thereof and of changes therein shall be furnished to each shareholder-tenant.

Section 9.    *Executive Committee and Other Committees:*    The Board of Directors may by resolution appoint an Executive Committee, and such other committees as it may deem appropriate, each to consist of three or more directors of the Corporation. Such committees shall have and may exercise such of the powers of the Board in the management of the business and affairs of the Corporation during the intervals between the meetings of the Board as may be determined by the authorizing resolution of the Board of Directors and so far as may be permitted by law, except that no committee shall have power to determine the cash requirements defined in the proprietary leases, or to fix the rent to be paid under the proprietary leases, or to vary the terms of payment thereof as fixed by the Board.

Section 10.    *Distributions:*    The shareholder-tenants shall not be entitled, either conditionally or unconditionally, except upon a complete or partial liquidation of the Corporation, to receive any distribution not out of earnings and profits of the Corporation.

## ARTICLE IV

### Officers

Section 1.    *Election and Removal:*    The officers of the Corporation shall be a president, one or more vice presidents, a secretary and a treasurer. Such officers shall be elected at the first meeting of the Board of Directors after these By-laws become effective, and thereafter at the regular meeting in each year following the annual meeting of shareholders, and shall serve until removed or until their successors shall have been elected. The Board of Directors may at any time or from time to time appoint one or more assistant secretaries and one or more assistant treasurers to hold office at the pleasure of the Board and may accord to such officers such power as the Board deems proper. Any officer may be removed at any time, with or without cause, by the affirmative vote of a majority of the then authorized total number of directors. The president shall be a member of the Board of Directors, and shall be a shareholder or the spouse of a shareholder, but none of the other officers need be a member of the Board of Directors or a shareholder or the spouse of a shareholder. One person may hold not more than two offices at the same time, except that the president and the secretary may not be the same person. Vacancies occurring in the office of any officer may be filled by the Board of Directors at any time.

Section 2. *Duties of President and Vice Presidents:* The president shall preside at all meetings of the shareholders and of the Board of Directors. The president or any vice president shall sign in the name of the Corporation all contracts, leases and other instruments which are authorized from time to time by the Board of Directors. The president, subject to the control of the Board of Directors, shall have general management of the affairs of the Corporation and perform all the duties incidental to the office. In the absence from the City of New York or inability of the president to act, any vice president shall have the powers and perform the duties of the president.

Section 3. *Duties of Treasurer:* The treasurer shall have the care and custody of all funds and securities of the Corporation, and shall deposit such funds in the name of the Corporation in such bank or trust companies as the directors may determine, and he shall perform all other duties incidental to his office. If so required by the Board of Directors, he shall, before receiving any such funds, furnish to the Corporation a bond with a surety company as surety, in such form and amount as said Board from time to time shall determine. The premium upon such bond shall be paid by the Corporation. On or before March 15 of each year, the treasurer shall cause to be furnished to each shareholder-tenant whose proprietary lease is then in effect, a statement of the Certified Public Accountant of the Corporation of any deductions available for income tax purposes on a per share basis and indicating thereon on a per share basis any such other information as may be necessary or useful to permit him to compute his income tax returns in respect thereof.

Within four months after the end of each fiscal year, the treasurer shall cause to be transmitted to each shareholder-tenant whose proprietary lease is then in effect, an annual report of operations and balance sheet of the Corporation which shall be certified by an independent Certified Public Accountant. A copy of said annual report shall be submitted to the Department of Law of the State of New York.

In the absence or inability of the treasurer, the assistant treasurer, if any, shall have all the powers and perform all the duties of the treasurer.

Section 4. *Duties of Secretary:* The secretary shall keep the minutes of the meetings of the Board of Directors and of the meetings of shareholders; he shall attend to the giving and serving of all notices of the Corporation and shall be empowered to affix the corporate seal to all written instruments authorized by the Board of Directors or these By-laws. He shall also perform all other duties incidental to his office. He shall cause to be kept a book containing the names, alphabetically arranged, of all persons who are

shareholders of the Corporation, showing their places of residence, the number of shares held by them, respectively, the time when they respectively became the owners thereof, and the amount paid thereon, and the denomination and the amount of all share issuance or transfer stamps affixed thereto, and such book shall be open for inspection as provided by law. In the absence or inability of the secretary, the assistant secretary, if any, shall have all the powers and perform all the duties of the secretary.

## ARTICLE V

## Proprietary Leases

Section 1. *Form of Lease:* The Board of Directors shall adopt a form of proprietary lease to be used by the Corporation for the leasing of all apartments and other space in the apartment building of the Corporation to be leased to shareholder-tenants under proprietary leases. Such proprietary leases shall be for such terms, with or without provisions for renewals, and shall contain such restrictions, limitations and provisions in respect to the assignment thereof, the subletting of the premises demised thereby and the sale and/or transfer of the shares of the Corporation appurtenant thereto, and such other terms, provisions, conditions and covenants as the Board of Directors may determine.

After a proprietary lease in the form so adopted by the Board of Directors shall have been executed and delivered by the Corporation, all proprietary leases (as distinct from the house rules) subsequently executed and delivered shall be in the same form, except with respect to the statement as to the number of shares owned by the lessee, the use of the premises and the date of the commencement of the term, unless any change or alteration is approved by lessees owning at least two-thirds in amount of the shares of the Corporation then issued and outstanding.

Section 2. *Assignment:* Proprietary leases shall be assigned or transferred only in compliance with, and shall never be assigned or transferred in violation of, the terms, conditions or provisions of such proprietary leases. A duplicate original of each proprietary lease shall always be kept on file in the principal office of the Corporation or with the managing agent of the apartment building.

Section 3. *Allocation of Shares:* The Board of Directors shall allocate to each apartment or other space in the apartment building of the Corporation to be leased to shareholder-tenants under proprietary leases the number of

shares of the Corporation which must be owned by the proprietary lessee of such apartment or other space.

Section 4. *Assignment of Lease and Transfer of Shares:* No assignment of any lease or transfer of the shares of the Corporation shall take effect as against the Corporation for any purpose until a proper assignment has been delivered to the Corporation; the assignee has assumed and agreed to perform and comply with all the covenants and conditions of the assigned lease or has entered into a new lease for the remainder of the term; all shares of the Corporation appurtenant to the lease have been transferred to the assignee; all sums due have been paid to the Corporation; and all necessary consents have been properly obtained. The action of the Board of Directors with respect to the written application for consent of a proposed assignment or subletting must be made within a reasonable time after receipt of said written application.

As a privilege of the original issuance and sale of the Corporation's shares, the original purchasers (but not their successors or assigns) will have the right to assign their shares or sublet their apartments without the consent of the Board of Directors, but with the consent only of the then Managing Agent of the Building, which consent shall not be unreasonably withheld. If the then Managing Agent refuses to consent for any reason whatsoever, any such purchaser may apply to the Board of Directors or to the shareholders for consent in accordance with the provisions of the Proprietary Lease.

No person to whom the interest of a lessee or shareholder shall pass by law, shall be entitled to assign any lease, transfer any shares, or to sublet or occupy any apartment, except upon compliance with the requirements of the lease and these By-laws.

Section 5. *Fees on Assignment:* The Board of Directors shall have authority before an assignment or sublet of a proprietary lease or reallocation of shares takes effect as against the Corporation as lessor, to fix a reasonable fee to cover actual expenses and attorneys' fees of the Corporation, a service fee of the Corporation and such other conditions as it may determine, in connection with each such proposed assignment.

Section 6. *Lost Proprietary Leases:* In the event that any proprietary lease in full force and effect is lost, stolen, destroyed or mutilated, the Board of Directors may authorize the issuance of a new proprietary lease in lieu thereof, in the same form and with the same terms, provisions, conditions and limitations. The Board may, in its discretion, before the issuance of any such new proprietary lease, require the owner thereof, or the legal representative of the owner, to make an affidavit or affirmation setting forth such facts as to

the loss, destruction or mutilation as it deems necessary, and to give the Corporation a bond in such reasonable sum as it directs, to indemnify the Corporation.

Section 7. *Regrouping of Space:* The Board of Directors, upon the written request of the owner or owners of one or more proprietary leases covering one or more apartments in the apartment building and of the shares issued to accompany the same, may in its discretion, at any time, permit such owner or owners, at his or their own expense — A: (1) to subdivide any apartment into any desired number of apartments, (2) to combine all or any portions of any such apartments into one or any desired number of apartments; and (3) to reallocate the shares issued to accompany the proprietary lease or leases, but the total number of the shares so reallocated shall not be less than the number of shares previously allocated to the apartment or apartments involved, and, in connection with any such regrouping, the Board of Directors may require that the number of shares allocated to the resulting apartment or apartments be greater than the number of shares allocated to the original apartment or apartments, and may authorize the issuance of shares from its treasury for such purpose; or B: to incorporate one or more servant's rooms, or other space in the building not covered by any proprietary lease, into one or more apartments covered by a proprietary lease, whether in connection with any regrouping of space pursuant to subparagraph A of this Section 7 or otherwise, and in allocating shares to any such resulting apartment or apartments, shall determine the number of shares from its treasury to be issued and allocated in connection with the appropriation of such additional space.

Upon any regrouping of space in the building, the proprietary leases so affected, and the accompanying share certificates shall be surrendered, and there shall be executed and delivered in place thereof, respectively, a new proprietary lease for each separate apartment involved, and a new certificate for the number of shares so reallocated to each new proprietary lease.

## ARTICLE VI

### Capital Shares

Section 1. No shares hereafter issued or acquired by the Corporation shall be issued or reissued except in connection with the execution by the purchaser and delivery by the Corporation of a proprietary lease of an apartment in the building owned by the Corporation. The ownership of shares shall entitle the holder thereof to occupy the apartment for the purposes specified in the proprietary lease to which the shares are appurtenant, subject

to the provisions, covenants and agreements contained in such proprietary lease.

Section 2. *Form and Share Register:* Certificates of the shares of the Corporation shall be in the form adopted by the Board of Directors, and shall be signed by the president or a vice president and the secretary or an assistant secretary or the treasurer or an assistant treasurer, and sealed with the seal of the Corporation, and shall be numbered in the order in which issued. Such signatures and seal may be facsimiles when and to the extent permitted by applicable statutory provisions. Certificates shall be issued in consecutive order and there shall be recorded the name of the person holding the shares, the number of shares and the date of issue. Each certificate exchanged or returned to the Corporation shall be cancelled, and the date of cancellation shall be indicated thereon and such certificate shall be retained in the Corporate records.

Section 3. *Issuance of Certificates:* Shares appurtenant to each proprietary lease shall be issued in the amount allocated by the Board of Directors to the apartment or other space described in such proprietary lease and shall be represented by a single certificate.

Section 4. *Transfers:* Transfers of shares shall be made upon the books of the Corporation only by the holder in person or by power of attorney, duly executed and filed with the secretary of the Corporation and on the surrender of the certificate for such shares, except that shares sold by the Corporation to satisfy any lien which it holds thereon may be transferred without the surrender of the certificate representing such shares.

Section 5. *Units of Issuance:* Except as otherwise provided in Article V, Section 7, unless and until all proprietary leases which shall have been executed by the Corporation, shall have been terminated, the shares appurtenant to each proprietary lease shall not be sold or assigned except as an entirety to the Corporation or an assignee of such proprietary lease, after complying with and satisfying the requirements of such proprietary lease in respect to the assignment thereof.

Section 6. *Corporation's Lien:* The Corporation shall at all times have a first lien upon the shares owned by each shareholder for all indebtedness and obligations owing and to be owing by such shareholder to the Corporation, arising under the provisions of any proprietary lease issued by the Corporation and at any time held by such shareholder or otherwise arising. Unless and until such shareholder as lessee shall make default in the payment of any of the rental or in the performance of any of the covenants or conditions of such

proprietary lease, and/or unless and until such shareholder shall make default in the payment of any indebtedness or obligation owing by such shareholder to the Corporation otherwise arising, such shares shall continue to stand in the name of the shareholder upon the books of the Corporation, and the shareholder shall be entitled to exercise the right to vote thereon as though said lien did not exist. The Corporation shall have the right to issue to any purchaser of such shares upon the enforcement by the Corporation of such lien, or to the nominee of such purchaser, a certificate of the shares so purchased substantially of the tenor of the certificate issued to such defaulting shareholder, and thereupon the certificate for such shares theretofore issued to such defaulting shareholder shall become void and such defaulting shareholder agrees to surrender such last mentioned certificate to the Corporation upon the latter's demand, but the failure of such defaulting shareholder so to surrender such certificate shall not affect the validity of the certificate issued in replacement thereof. The Corporation may refuse to consent to the transfer of shares of any shareholder indebted to the Corporation unless and until such indebtedness is paid.

Section 7.  *Lost Certificates:*  In the event that any share certificate is lost, stolen, destroyed or mutilated, the Board of Directors may authorize the issuance of a new certificate of the same tenor and for the same number of shares in lieu thereof. The Board may, in its discretion, before the issuance of such new certificate, require the owner of the lost, stolen, destroyed or mutilated certificate, or the legal representative of the owner, to make an affidavit or affirmation setting forth such facts as to the loss, destruction or mutilation as it deems necessary, and to give the Corporation a bond in such reasonable sum as it directs, to indemnify the Corporation.

Section 8.  *Legend on Share Certificates:*  Certificates representing shares of the Corporation shall bear a legend reading as follows:

"The rights of any holder hereof are subject to the provisions of the By-laws of 310 West 56th Street Corporation and to all the terms, covenents, conditions and provisions of a certain proprietary lease made between the person in whose name this certificate is issued, as Lessee, and 310 West 56th Street Corporation  as Lessor, for an apartment in the premises known as: 310 West 56th. Street, New York, N.Y., which lease limits and restricts the title and rights of any transferee hereof. The shares represented by this certificate are transferable only as an entirety and only to an approved assignee of such proprietary lease. Copies of the proprietary lease and the By-laws are on file and available for inspection at the office of 310 West 56th Street Corporation, c/o Charles H. Greenthal & Co., Inc., 18 East 48th Street, New York, New York 10017.

"The directors of this Corporation may refuse to consent to the transfer of the shares represented by this certificate until any indebtedness of the shareholder to the Corporation is paid. The Corporation, by the terms of said By-laws and proprietary lease, has a first lien on the shares represented by this certificate for all sums due and to become due under said proprietary lease."

## ARTICLE VII

### Indemnification

Section 1.   To the extent allowed by law, the Corporation shall indemnify any person, made a party to an action by or in the right of the Corporation to procure a judgment in its favor by reason of the fact that he, his testator or, intestate, is or was a director or officer of the Corporation, against the reasonable expenses, including attorneys' fees, actually and necessarily incurred by him in connection with the defense of such action, or in connection with an appeal therein, except in relation to matters as to which such director or officer is adjudged to have breached his duty to the Corporation, as such duty is defined in Section 717 of the Business Corporation Law. To the extent allowed by law, the Corporation shall also indemnify any person, made, or threatened to be made, a party to an action or proceeding other than one by or in the right of the Corporation to procure a judgment in its favor, whether civil or criminal, including an action by or in the right of any other corporation, domestic or foreign, which he served in any capacity at the request of the Corporation by reason of the fact, that he, his testator or intestate was a director or officer of the Corporation or served it in any capacity against judgments, fines, amounts paid in settlement, and reasonable expenses, including attorneys' fees actually and necessarily incurred as a result of such action or proceeding, or any appeal therein, if such director or officer acted, in good faith, for a purpose which he reasonably believed to be in the best interests of the Corporation and, in criminal actions or proceedings, in addition, had no reasonable cause to believe that his conduct was unlawful.

Nothing contained in this provision shall limit any right to indemnification to which any director or any officer may be entitled by contract or under any law now or hereinafter enacted.

## ARTICLE VIII

### Seal

Section 1.   The seal of the Corporation shall be circular in form and have inscribed thereon the name of the Corporation, the year of its organization and the words "Corporate Seal" and "New York".

## ARTICLE IX

### Negotiable Instruments

Section 1.   All checks, drafts, orders for payment of money and negotiable instruments shall be signed by such officer or officers or employee or employees as the Board of Directors may from time to time, by standing resolution or special order, prescribe.

Section 2.   Endorsements or transfers of shares, bonds, or other securities shall be signed by the president or any vice president and by the treasurer or an assistant treasurer or the secretary or an assistant secretary unless the Board of Directors, by special resolution in one or more instances, prescribe otherwise.

Section 3.   *Safe Deposit Boxes:*   Such officer or officers as from time to time shall be designated by the Board of Directors, shall have access to any safe of the Corporation in the vault of any safe deposit company.

Section 4.   *Securities:*   Such officer or officers as from time to time shall be designated by the Board of Directors shall have power to control and direct the disposition of any bonds or other securities or property of the Corporation deposited in the custody of any trust company, bank or other custodian.

## ARTICLE X

### Fiscal Year

Section 1.   The fiscal year of the Corporation shall be the calendar year unless otherwise determined by resolution of the Board of Directors.

# ARTICLE XI

## Miscellaneous

Section 1.  *Salaries:*  No salary or other compensation for services shall be paid to any director or officer of the Corporation for services rendered as such officer unless and until the same shall have been authorized in writing or by affirmative vote, taken at a duly held meeting of shareholders, by shareholders owning at least a majority of the then outstanding shares of the Corporation.

# ARTICLE XII

## Amendments

Section 1.   These By-laws may be amended, enlarged or diminished either (a) at any shareholders' meeting by vote of of shareholders owning two-thirds of the amount of the outstanding shares, represented in person or by proxy, provided that the proposed amendment or the substance thereof shall have been inserted in the notice of meeting or that all of the shareholders be present in person or by proxy, or (b) at any meeting of the Board of Directors by a majority vote, provided that the proposed amendment or the substance thereof shall have been inserted in the notice of meeting or that all of the Directors are present in person, except that the Directors may not repeal a By-law amendment adopted by the shareholders as provided above.

## SCHEDULE OF LEASES

### 310 West 56th Street

| Apt. | Current Rent | Lease Expiration | Apt. | Current Rent | Lease Expiration |
|---|---|---|---|---|---|
| 1A | $483.75 | 10-31-81 | 2D | $245.78 | 11-30-79 |
| 3A | 483.75 | 9-30-81 | 3D | 284.21 | 9-30-81 |
| 4A | 466.35 | 2-28-81 | 4D | 312.95 | 5-31-80 |
| 5A | 426.00 | 3-31-79 | 5D | 298.38 | 1-31-80 |
| 6A | 450.00 | 8-31-79 | 6D | 295.00 | 9-30-79 |
| 7A & B | 692.58 | 5-31-81 | 7D | 288.60 | 1-31-80 |
| 8A | 525.00 | 11-30-80 | 8D | 325.00 | 9-30-80 |
| 9A | 475.00 | 9-30-80 | 9D | 287.02 | 8-31-79 |
| 10A | 460.00 | 8-31-80 | 10D | 300.00 | 12-31-79 |
| 11A | 417.31 | 8-31-79 | 11D | 290.13 | 8-31-80 |
| 12A | 519.75 | 10-31-79 | 12D | 277.50 | 3-31-80 |
| 14A | 475.00 | 9-30-79 | 14D | 254.70 | 12-31-79 |
| PHA | 453.25 | 10-31-80 | PHD | 300.00 | 3-31-79 |
| | | | | | |
| 1B | 456.88 | 11-30-81 | 1E | 300.00 | 9-30-80 |
| 2B | 426.75 | 11-30-81 | 2E | 268.77 | 11-30-81 |
| 3B | 322.73 | 4-30-80 | 3E | 288.70 | 12-31-80 |
| 4B | 340.84 | 2-28-79 | 4E | 287.53 | 2-28-80 |
| 5B | 440.91 | 10-31-79 | 5E | 265.31 | 5-31-80 |
| 6B | 361.14 | 2-28-81 | 6E | 317.13 | 10-31-81 |
| 8B | 414.95 | 3-31-80 | 7E | 291.60 | 5-31-79 |
| 9B | 434.00 | 8-31-79 | 8E | 295.00 | 4-30-79 |
| 10B | 364.50 | 8-31-81 | 9E | 275.62 | 5-31-79 |
| 11B | 388.50 | 12-31-79 | 10E | 320.08 | 2-28-80 |
| 12B | 375.00 | 9-30-79 | 11E | 258.18 | 9-30-79 |
| 14B | 271.25 | 8-31-79 | 12E | 321.90 | 10-31-79 |
| PHB | 292.76 | 10-31-79 | 14E | 367.74 | 8-31-79 |
| | | | PHE | 322.50 | 1-31-82 |
| | | | | | |
| 1C/D | 500.00 | 6-30-83 | 1F | 225.00 | 7-31-79 |
| 2C | 285.85 | 6-30-81 | 2F | 325.00 | 12-31-79 |
| 3C | 224.50 | 11-30-79 | 3F | 253.23 | 9-30-80 |
| 4C | 300.00 | 9-30-79 | 4F | 303.80 | 5-31-80 |
| 5C | 250.88 | – | 5F | 257.88 | 12-31-81 |
| 6C SC | 215.86 | 10-31-79 | 6F | 350.00 | 4-30-80 |
| 7C | 290.13 | 6-30-80 | 7F | 296.06 | 1-31-82 |
| 8C | 325.00 | 8-31-80 | 8F | 302.60 | 1-31-80 |
| 9C | 229.99 | 5-31-79 | 9F | 297.10 | 6-30-81 |
| 10C | 267.39 | 9-30-79 | 10F | 290.55 | 11-30-80 |
| 11C | 275.57 | 6-30-79 | 11F | 285.48 | 8-31-80 |
| 12C | 317.77 | 1-31-80 | 12F | 334.50 | 3-31-81 |
| 14C | 308.99 | 1-31-81 | 14F | 350.00 | 7-31-80 |
| PHC | 316.14 | 10-31-80 | | | |

| Apt. | Current Rent | Lease Expiration |
|------|------|------|
| 1G | $325.00 | 1-31-80 |
| 2G | 325.00 | 9-30-80 |
| 3G | 325.00 | 10-31-80 |
| 4G | 242.43 | 12-31-81 |
| 5G | 237.09 | 5-31-80 |
| 6G | 266.92 | 11-30-80 |
| 7G | 276.68 | 3-31-80 |
| 8G | 263.38 | 7-31-81 |
| 9G | 271.25 | 12-31-79 |
| 10G | 300.00 | 8-31-79 |
| 11G SC | 201.01 | - |
| 1H | 350.00 | 3-31-79 |
| 2H | 274.13 | 6-30-81 |
| 3H | 295.48 | 2-28-81 |
| 4H | 233.53 | 1-31-80 |
| 5H | 233.54 | 1-31-80 |
| 6H | 289.04 | 9-30-79 |
| 7H | 240.94 | 6-30-79 |
| 8H | 325.00 | 9-30-80 |
| 9H | 313.30 | 2-28-80 |
| 10H | 235.86 | 10-31-79 |
| 11H | 229.97 | 9-30-77 |
| 2J | 306.38 | 9-30-81 |
| 3J SC | 258.00 | 6-30-79 |
| 4J | 300.00 | 8-31-79 |
| 5J | 285.00 | 3-31-79 |
| 6J | 265.83 | 6-30-79 |
| 7J SC | 215.24 | 7-31-79 |
| 8J | 285.00 | 3-31-79 |
| 9J | 325.00 | 6-30-79 |
| 10J | 300.00 | 5-31-79 |
| 11J | 307.16 | 8-31-79 |