[This form is not intended for use where the Proprietary Lease already has "financing provisions" which duplicate the substance of this agreement or are at substantial variance with the provisions of this agreement.]

                      Premises:   310 West 56th Street, New York, NY

                      Apartment: 14A

Gentlemen:

    We have been asked by  William R. Wright  ("Lessee")

for a loan of $ 105,000.00 to be secured by a pledge, security interest, mortgage and/or assignment (hereinafter sometimes collectively referred to as "the Security") of shares of your Corporation allocated to the above Apartment and of the Proprietary Lease (the "Lease") appurtenant thereto (the shares and Lease collectively referred to as "the Apartment").

    1. (a) You are a New York corporation formed for the purpose of cooperative ownership and (owner in fee) ~~(ground tenant)~~ of the above premises.

    (b) Your records show that the Lessee is the owner of the Apartment.

    (c) You have duly approved or consented to the creation by the Lessee of the Security, if and to the extent such approval is required by the Lease.

    2. (a) You will not consent to any further encumbrances, subletting, termination, cancellation, surrender or modification of the Apartment by the Lessee without our approval, which we will not unreasonably withhold but this provision shall not apply to any modification or termination which, by the terms of the Lease, may be effective against a Lessee when approved by a fixed percentage of other holders of your shares, or which may be effective in the event of condemnation or casualty.

    (b) The Lessee has agreed that, without our written approval, the Lessee will not exercise any right that he may have under the lease to terminate the lease so long as the loan is outstanding. Accordingly you will not consider any attempt to do so effective.

    (c) You will notify us of any notice of intention to terminate the Lease, and

        (1) If the Lessee's default can be cured by the payment of money, you will also notify us promptly of any default involving an amount equal to or exceeding three months maintenance payments and will take no action to terminate the Lease or cancel the shares if the default be cured either by us for the account of the Lessee or by the Lessee within 15 days after such notice of default or intention to terminate; or

        (2) If the default cannot be so cured, you will institute no action to terminate the Lease or cancel the shares until we have had reasonable notice and opportunity, by action or otherwise, to induce the Lessee to cure the default, such opportunity to be no less than the time provided in the Lease for the Lessee to cure.

        (3) If you shall terminate the Lease and cancel the shares for a default not curable by the payment of money, then, provided we pay you the amounts which are due to you under the Lease (including its deficiency clause) when due, you shall not sell or sublet the apartment without our approval, unless the net proceeds of such sale or subletting shall equal or exceed the amount owing to us by Lessee.

    (d) You will accept payment from us on behalf of Lessee of any sums due under the Lease (including its deficiency clause), any payments made by us under the terms of this agreement will be deemed so paid, and no payments made in accordance herewith shall be deemed to limit our rights against the Lessee pursuant to law.

© Copyright 1973 by AZTECH DOCUMENT SYSTEMS, INC.
Approved by THE COOPERATIVE HOUSING LAWYERS GROUP

(e) You shall recognize our right as lienor against the Apartment pursuant to the Security, and, if the Lease be terminated and/or shares cancelled, against the net proceeds of any sale or subletting of the apartment, after reimbursement to you of all sums due you under the Lease.

3. (a) Before delivery of this letter by you to us, we will have authority from the Lessee to give, and will, on request, give you a copy of the financial and credit information provided by him, but shall be under no duty to advise you of the results of any credit check we may make.

(b) Notwithstanding any apparent authority granted to us under agreements with the Lessee. **WE SHALL HAVE NO RIGHT OR POWER TO TRANSFER THE APARTMENT UPON FORECLOSURE OR OTHERWISE EITHER TO US OR ANYONE ELSE WITHOUT YOUR APPROVAL AS REQUIRED BY THE LEASE** provided, however, that nothing contained herein shall limit any rights we may have to dispossess the Lessee pursuant to law or realize upon our security in accordance herewith.

(c) If through oversight or negligence you or your agents or employees shall fail to notify us of Lessee's default prior to termination of the Lease, we will not seek to hold you or your agents or employees liable for breach of this agreement, provided that:

(1) you advise us promptly after discovering your failure, and

(2) if you have already sold or contracted to sell the Apartment, that you pay us the net proceeds of such sale (after reimbursing yourselves for all sums due you), or such lesser sum as shall equal the amount owing to us by the Lessee (the balance being payable to the Lessee), or

(3) if you have not contracted to sell the Apartment, that the provisions of paragraphs "2.(c)(3)" and "2.(e)" hereof shall apply.

(d) We will indemnify you and your agent against loss, liability or expense incurred in connection with any claim by the Lessee, his successors or assigns against either of you arising out of our representations pursuant hereto or your agreements herein (except as stated in paragraph "3.(a)" hereof), provided you give us prompt notice of any such claim. We may contest such claim in your name and on your behalf, but at our sole cost and expense, and you will execute such documents and do such things as are reasonably necessary to assist us in such contest.

4. While we have the right but no obligation to cure the Lessee's defaults under the Lease. if we do not do so within the time provided for herein, you shall have no obligation to us, except that in the event of sale or subletting the Apartment, you shall recognize our rights as lienor against the net proceeds of any sale or subletting (after reimbursement to you of all sums which are due to you under the Lease).

Any notice or approval provided for herein shall be deemed valid only if in writing and sent by registered or certified mail, as follows: to you, in care of your Managing Agent, with a copy by regular mail addressed to                        at                                      ;
to us at        140 William Street, New York, NY 10038         .

Either of us may change the address to which notices or approval shall be mailed by notice given as herein provided. This letter and the representations and agreements contained herein shall be deemed made as of the date of the making of the loan.

                                      EMPIRE OF AMERICA, FSB       BANK

By: _Wendy C Hinkly_ (signature)

**AGREED TO:**       APPROVED: _(signature)_
310 West 56th Street Corporation
                                LESSOR                                   LESSEE

By: _(signature)_
Beverly Koster, President
                                                                                     LESSEE