Kaufman Friedman Plotnicki & Grun, LLP
300 East 42nd Street, 8th Floor
New York, New York 10017
Telephone: (212) 687-1700
By: Maia M. Walter, Esq. (mw7921)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ECF Case |
| Plaintiff, | |
| -against- | |
| WILLIAM WRIGHT, 310 WEST 56TH STREET CORPORATION, BAYVIEW LOAN SERVICING LLC, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, AMERICAN EXPRESS CENTURION BANK, NEW YORK CITY DEPARTMENT OF FINANCE, and JOHN DOES 1-10, | 07 CV 4651 (SHS) |
| Defendants. | |

MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant 310 West 56th Street Corporation ("310 Corporation"), by its attorneys, Kaufman Friedman Plotnicki & Grun, LLP, respectfully submits its opposition to the summary judgment motion of plaintiff The United States of America ("Plaintiff"). 310 Corporation disputes the portion of Plaintiff's motion that addresses the priority of competing liens in this foreclosure action. Specifically, in Footnote No. 5 of Plaintiff's Memorandum of Law, Plaintiff acknowledges the priority of the mortgagee's lien relative to the federal tax liens at issue, yet fails to note the "first lien" of 310 Corporation. As will be demonstrated below, pursuant to the

parties' contractual obligations and New York State law, 310 Corporation's "first lien" is superior to other competing liens.

As set forth in Plaintiff's Local Rule 56.1 Statement, defendant William Wright ("Wright") is the owner of 181 shares of stock in 310 Corporation ("Shares"), a cooperative corporation, which Shares are appurtenant to Apartment 14A ("Apartment"), in the residential building located at 310 West 56th Street, New York, New York 10019.  Wright is the proprietary lessee of the Apartment pursuant to a proprietary lease with 310 Corporation, as proprietary lessor ("Proprietary Lease," Exhibit H to the Declaration of Joseph A. Pantoja, dated May 30, 2008, hereinafter "Pantoja Declaration").  310 Corporation does not dispute Plaintiff's claims as to Wright's federal tax liability.

Pursuant to Paragraph No. 1 of the Proprietary Lease, Wright is obligated to pay to 310 Corporation monthly maintenance with respect to the Apartment.  Wright has defaulted in the payment of such maintenance, and currently owes to 310 Corporation maintenance arrears in the amount of $10,963.66 through June 12, 2008 (see Exhibit A of the Declaration of Maia M. Walter, hereinafter "Walter Declaration").  Pursuant to Article VI, Section 6, of the By-Laws of 310 Corporation ("By-Laws," at Page 11, see Exhibit B of the Walter Declaration), 310 Corporation is entitled to a "first lien" in the amount of unpaid maintenance with respect to the Apartment.  The first lien of a cooperative corporation is generally recognized by New York State Courts as having priority over competing liens.  *See* Berkowners, Inc. v. Dime Savings Bank of New York, FSB, 286 A.D.2d 695, 730 N.Y.S. 2d 339 (2nd at Page 10 Dept., 2001)*;* Bank of New York v. Carr, 161 Misc.2d 332, 613 N.Y.S.2d 572 (Sup. Ct., Qns. Co., 1994); State Tax Commission v. Shor, 84 Misc.2d 161, 378 N.Y.S.2d 222 (Sup. Ct., N.Y. Co. 1975).

Defendant Bayview Loan Servicing LLC ("Bayview") holds a mortgage secured by the Shares.  Bayview appears to be the agent or successor-in-interest to Empire of America, FSB ("Empire Bank"), which held the original mortgage secured by the Shares (see Exhibit E to Pantoja Declaration).

Although Plaintiff states in its Memorandum of Law (at Page 5, Footnote No. 2, and the top of Page 12) that the relative priority of the parties' security interests in the Apartment will be addressed in a post-judgment motion for an order of sale, Plaintiff later acknowledges that Bayview has priority over the federal tax liens that Plaintiff is seeking to reduce to a judgment. Specifically, in Footnote No. 5 (at Page 12 of the Memorandum of Law), Plaintiff states: "Bayview's lien has priority over the Tax Liens at issue."  Plaintiff then avers that it will provide for payment of Bayview in any post-judgment application to sell the Apartment.  No mention is made of the priority of 310 Corporation's "first lien" with respect to Bayview's security interest in the Shares, or payment of the first lien.

At the time the security interest in the Shares was created, Bayview's predecessor-in-interest, Empire Bank, entered into a recognition agreement ("Recognition Agreement," see Exhibit C of the Walter Declaration) with Wright and 310 Corporation.  In Paragraph 3(b) of the Recognition Agreement, Empire Bank agreed to a restriction on transfer of the Shares and Proprietary Lease as follows: "Notwithstanding any apparent authority granted to us under agreements with the Lessee, WE SHALL HAVE NO RIGHT OR POWER TO TRANSFER THE APARTMENT UPON FORECLOSURE OR OTHERWISE EITHER TO US OR ANYONE ELSE WITHOUT YOUR APPROVAL AS REQUIRED BY THE LEASE..."  Accordingly, the transfer of Bayview's security interest in the Shares is subject to the approval of  of 310 Corporation.  See Cantrade Private Bank Lausanne Ltd. v. Torresy, 876 F.Supp.564 (SDNY); see

*also* Bank of New York v. Carr, *supra*. 310 Corporation would require, among other things, the full satisfaction of all unpaid maintenance prior to approving a transfer of the Shares.

Accordingly, as Plaintiff has acknowledged that Bayview's lien has priority over the federal tax liens, and Bayview has a contractual obligation to obtain 310 Corporation's approval prior to transferring the Shares, which requires payment of all sums due to 310 Corporation, it is clear that 310 Corporation's first lien must be satisfied prior to payment of Bayview's lien and the federal tax liens.

### Conclusion

Based upon the foregoing, defendant 310 West 56th Street Corporation respectfully requests that this Court enter an order denying Plaintiff's motion for summary judgment, or, in the alternative, granting Plaintiff's motion for summary judgment to the extent that Plaintiff must enforce any Judgment of Foreclosure subject to the priority of 310 Corporation's first lien for unpaid maintenance with respect to the Apartment.

Dated:  New York, New York
        June 13, 2008

>
> Kaufman Friedman Plotnicki & Grun, LLP
> *Attorneys for Defendant 310 West 56th Street Corporation*
> 300 East 42nd Street, 8th Floor
> New York, New York 10017
> Telephone: (212) 687-1700
> Facsimile: (212) 687-3179
>
> By: _____s/_____
>     Maia M. Walter, Esq. (mw7921)

**CERTIFICATION OF SERVICE**

      I, Maia M. Walter, a member of the bar of this Court, hereby certify that a copy of the within Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment and Declaration of Maia M. Walter, and the exhibits annexed thereto, was served this day of June 13, 2008 upon the following parties or their respective counsel by regular first class mail at the addresses described below:

TO:    Michael J. Garcia
        United States Attorney for the Southern District of New York
        By: Joseph A. Pantoja, Esq.
        Assistant United States Attorney
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Telephone: (212) 637-2726
        Facsimile: (212) 636-2717
        *Counsel for Plaintiff the United States of America*

        William Wright
        Apartment 14A
        310 West 56th Street
        New York, New York 10107
        (212) 307-9393
        *Defendant pro se*

        Rajan Patel, Esq.
        747 Chestnut Ridge Road, Suite 200
        Chestnut Ridge, New York 10977
        (845) 352-3434
        *Counsel for Bayview Loan Servicing, LLC*

        Andrew M. Cuomo
        Office of the Attorney General of the State of New York
        By: Alan Gitter, Esq.
        Real Property Bureau
        300 Motor Parkway, Suite 125
        Hauppauge, New York 11788
        *Counsel for New York State Department of Taxation and Finance*

        Alan S. Roth, Esq.
        345 Adams Street, 3rd Floor
        Brooklyn, New York 11201
        *Counsel for Department of Finance, The City of New York*