UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

UNITED STATES OF AMERICA,                        :

                        Plaintiff,          :

                                    07 Civ. 4651 (SHS)

                  -against-              :

WILLIAM WRIGHT, 310 WEST 56th STREET    :
CORPORATION, BAYVIEW LOAN
SERVICING LLC, NEW YORK STATE              :
DEPARTMENT OF TAXATION AND
FINANCE, AMERICAN EXPRESS CENTURION :
BANK, NEW YORK CITY DEPARTMENT OF
FINANCE, and JOHN DOES 1-10,                   :

                    Defendants.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**


                                  MICHAEL J. GARCIA
                                  United States Attorney for the
                                  Southern District of New York
                                  Attorney for Plaintiff
                                  86 Chambers Street, 3rd Floor
                                  New York, New York 10007
                                  Tel No. (212) 637-2785
                                  Fax No. (212) 637-2750
                                  E-mail:  joseph.pantoja@usdoj.gov


JOSEPH A. PANTOJA
Assistant United States Attorney
- Of Counsel -

Plaintiff, the United States of America, by its attorney Michael J. Garcia, United States Attorney for the Southern District of New York, respectfully submits this reply memorandum of law in further support of its motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## ARGUMENT

The only issues on this motion are whether plaintiff is entitled to an order reducing to judgment the federal tax liabilities of defendant William Wright ("Wright"), for tax years 1996 through 2005 ("Subject Tax Years"), and foreclosing on plaintiff's liens on Wright's interest in unit 14A of the cooperative apartment building located at 310 West 56th Street, New York, New York (the "Apartment"). Wright has not opposed the instant motion. Because plaintiff has presented evidence as to which there is no material dispute of fact establishing the amount of those liabilities, *see* Pl. Br. at 1-3, 8-9, the Court should grant plaintiff's motion and enter judgment in the amount of $401,608.62, plus statutory additions accruing from June 9, 2008, until Wright's tax liabilities are satisfied. Similarly, as plaintiff has presented evidence as to which there is no material dispute of fact that plaintiff has valid tax liens on the Apartment based on the Internal Revenue Service's ("IRS's") deficiency assessments against Wright for the Subject Tax Years and that those tax liens attached to the Apartment as of the date of those assessments, *see* Pl. Br. at 3, 10-12, the Court should enter an order foreclosing on those tax liens and assigning all of Wright's interest in the Apartment to plaintiff pursuant to Section 7403 of the Internal Revenue Code, and decree that the tax liens shall be satisfied by a sale of the Apartment, upon post-judgment motion for an order of sale to be filed by the United States, *see* Pl. Br. at 12-14.

310 West 56th Street Corporation ("310 Corporation") filed a "Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment."  The title of that document is misleading, as 310 Corporation expressly acknowledges that it is not opposing the relief requested in plaintiff's motion.  *See* 310 Corp. Br. at 1-4.  Rather, 310 Corporation "disputes the portion of Plaintiff's motion that addresses the priority of competing liens in this foreclosure action."  310 Corp. Br. at 1.  As made clear in plaintiff's moving papers, "[t]he extent and relative priority of the parties' security interests in the Apartment are beyond the scope of the instant motion; . . . these issues will be addressed in any subsequent foreclosure by a sale of the property, upon post-judgment motion for an order of sale to be filed by the United States."  Pl. Br. at 5 n.2.  In any event, 310 Corporation has not raised any issue of material fact with respect to the amount of Wright's federal income tax liabilities or the validity of plaintiff's tax liens on the Apartment.

Bayview Loan Servicing, LLC, the only other defendant who has appeared in this action, filed a declaration in support of plaintiff's motion.

## <u>CONCLUSION</u>

For the reasons above, this Court should grant plaintiff's motion for summary judgment and (1) enter judgment in the amount of $401,608.62, with interest and additions accruing thereon as of June 9, 2008, according to law until the judgment is satisfied;

2

(2) foreclose plaintiff's tax liens on the Apartment; and (3) decree that plaintiff's tax liens shall

be satisfied by a sale of the Apartment, upon post-judgment motion for an order of sale to be

filed by the United States.

Dated:  New York, New York
          June 20, 2008

                                            MICHAEL J. GARCIA
                                            United States Attorney for the
                                            Southern District of New York,
                                            Attorney for Plaintiff

                                    By:    /s/ Joseph A. Pantoja_____
                                            JOSEPH A. PANTOJA
                                            Assistant United States Attorney
                                            86 Chambers Street, 3rd Floor
                                            New York, New York 10007
                                            Telephone: (212) 637-2785
                                            Facsimile: (212) 637-2750