USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7|8|08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

UNITED STATES OF AMERICA,                  :        07 Civ. 4651 (SHS)

                 Plaintiff,        :

       -against-                          :        FINDINGS OF FACT AND
                                                    CONCLUSIONS OF LAW

WILLIAM WRIGHT, *ET AL.*,                   :

            Defendants.        :

-------------------------------------------------------------x


SIDNEY H. STEIN, U.S. District Judge.

      The government has brought this action to reduce to judgment the federal tax

liabilities of defendant William Wright for the tax years 1996 through 2005 (the "Subject Tax

Years"), and to foreclose on plaintiff's liens on Wright's interest in unit 14A of the cooperative

apartment building located at 310 West 56th Street, New York, New York. Because plaintiff has

presented evidence as to which there is no material dispute of fact and because Wright has not

opposed the government's motion, plaintiff's motion for summary judgment in the amount of

$401,608.62 is granted. In addition, plaintiff has presented evidence as to which there is no

material dispute of fact that plaintiff has valid tax liens on Wright's property based on the

Internal Revenue Service's ("IRS's") deficiency assessments against Wright and that those tax

liens attached to the apartment as of the date of those assessments. Therefore, the Court decrees

that the tax liens shall be foreclosed by a sale of his apartment, upon post-judgment motion for an

order of sale to be filed by the United States.

I.    **FINDINGS OF FACT**

Wright is an attorney who represents himself *pro se* in this action.  As set forth on the IRS Certificates of Assessments and Payments ("Forms 4340") submitted on this motion, the IRS made assessments against Wright for deficiencies in the payment of his federal income taxes for each of the tax years 1996 through 2005 (the "Subject Tax Years").  (See Decl. of Carolyn Fields dated May 30, 2008 ("Fields Decl.") ¶¶ 2-13; Ex. A to Fields Decl. (Forms 4340 for the Subject Tax years).)  The tax assessments for the Subject Tax Years are based on the income reported by Wright on his federal income tax returns for the Subject Tax Years.  (Id. ¶ 13.)  The date and amount of those deficiency assessments together with the balances reflecting assessed interest and penalties as indicated on the Forms 4340 are as set forth at paragraph 12 of the Fields Declaration.

Wright has not made any voluntary payments toward his federal tax liabilities for the tax years 1996 through 2005.  (See id. ¶ 15.)

For each of the Subject Tax Years, the IRS timely filed tax liens in New York County, New York (the "Tax Liens").  (See id. ¶ 14; Ex. A to Fields Decl. at US 2-3, 6-7, 10-11, 15-16, 19-20, 24, 28, 32, 36, and 40; see also Ex. B to Fields Decl. (copies of liens).)

Interest and penalties have continued to accrue to date with respect to Wright's tax liabilities for the Subject Tax Years.  The accruals of interest, penalties, and other additions on Wright's tax liabilities for the Subject Tax Years as of June 9, 2008, are reflected in the Account Transcripts for tax years 1996 through 2005 and total $401,608.62 as of June 9, 2008.  (See Fields Decl. ¶ 16; Ex. C to Fields Decl.)  Statutory interest and additions will continue to accrue until the liabilities are satisfied.  (Id. at ¶ 17.)

Wright currently resides at 310 West 56th Street, Apartment 14A, New York, New

York 10019, a cooperative building corporation.  (See Compl. ¶ 5; see also Wright Ans. ¶ 5.)

Wright is currently the sole owner of 181 shares of stock in defendant 310 West 56th Street

Corporation ("310 Corporation").  (See Compl. ¶ 27; see also Wright Ans. ¶ 27; 310 Corporation

Ans. ¶ 2; Exs. D and G to Decl. of Joseph A. Pantoja dated May 30, 2008 ("Pantoja Decl.").)

The 181 shares represent an interest in 310 Corporation, and specifically Apartment 14A, to

which Wright also holds a proprietary lease (all of Wright's rights, title, and interest in 310

Corporation and Apartment 14A are referred to collectively as the "Apartment").  (See Compl. ¶

5; see also Wright Ans. ¶ 5; 310 Corporation Ans. ¶ 12; Ex. H to Pantoja Decl. (copy of

Proprietary Lease).)

Defendant Bayview Loan Servicing LLC holds a mortgage on the Apartment.

(See Compl. ¶ 7; see also Bayview Ans. ¶ 7; Wright Ans. ¶ 7.)  Wright's purchase of the

Apartment was originally financed through Empire of America Federal Savings Bank, and

Wright pledged his shares in 310 Corporation as security for the loan.  (See Ex. E to Pantoja

Decl.)  Bayview is Empire's successor with respect to the original Empire loan to Wright.  (See

Pantoja Decl. ¶¶ 7, 10; Exs. F, I to Pantoja Decl.)

Wright, Bayview, and 310 Corporation have answered the complaint.  Defendants

New York State Department of Taxation and Finance, New York City Department of Finance,

and American Express Centurian Bank have not appeared in this action.

## II.    CONCLUSIONS OF LAW

Summary judgment should be granted when "there is no genuine issue as to any

material fact and . . . the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P.

56(c). When a motion for summary judgment is made, "an opposing party may not rely merely on allegations or denials in its own pleading; rather its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Summary judgment has been granted in similar suits seeking to reduce tax assessments to judgment. See, e.g., United States v. Prince, 348 F.2d 746 (2d Cir. 1965); United States v. Letscher, 83 F. Supp. 2d 367 (S.D.N.Y. 1999); United States v. Werner, 857 F. Supp. 286 (S.D.N.Y. 1994).

Under 26 U.S.C. § 7402(a), once a taxpayer has been assessed liability by the IRS, the government may proceed in district court to reduce the assessments to judgment. See 26 U.S.C. § 7402(a); see also United States v. Rodgers, 461 U.S. 677, 682, 103 S. Ct. 2132, 76 L. Ed. 2d 236 (1983). Federal tax assessments create a prima facie case of liability, such that the government "is entitled to have the assessment reduced to judgment unless the taxpayer overcomes the presumption enjoyed by the IRS that the assessment is correct." Chariot Plastics, Inc. v. United States, 28 F. Supp. 2d 874, 881 (S.D.N.Y. 1998) (citing, inter alia, Rodgers, 461 U.S. at 682; DeLorenzo v. United States, 555 F.2d 27, 29 (2d Cir. 1977)); United States v. Mauro, 243 F. Supp. 413, 415 (S.D.N.Y. 1965). Even where, as here, the government sues as the plaintiff, the taxpayer nevertheless bears the burden of proof to show that she is not liable for the assessments made against her. See DeLorenzo, 555 F.2d at 29.

The Certificates of Assessments and Payments, known as Forms 4340, submitted by the government and annexed to the Fields Declaration as Exhibit A, are presumptive proof that valid assessments were made for each of the Subject Tax Years. See, e.g., United States v. Lorson Elec. Co., Inc., 480 F.2d 554, 555 (2d Cir. 1973) (holding representations in a Certificate

of Assessment (then known as Forms 899) to be "presumptively correct" (citation omitted));

Envtl. Def. Fund v. United States, No. 91 Civ. 7232, 1997 WL 289412, at *4 (S.D.N.Y. June 2,

1997). The IRS's calculations updating the amount of Wright's total liabilities for the Subject

Tax Years are also entitled to a "presumption of correctness." United States v. Mazzara, 530 F.

Supp. 1380, 1382 (D.N.J. 1982).

Accordingly, Wright bears the burden of overcoming the presumption given the

IRS by affirmatively demonstrating that the IRS's assessments and calculations are incorrect.

See Envtl. Def. Fund, 1997 WL 289412, at *4. Where the government places the assessment and

the amount due into evidence, it is entitled to summary judgment unless Wright raises a material

issue of fact. See United States v. Barretto, 708 F. Supp. 577, 579 (S.D.N.Y. 1989); Mauro, 243

F. Supp. at 415. However, Wright has not opposed the government's motion for summary

judgment despite having been served with the motion and a notice pursuant to Local Rule 56.1.

Section 6321 of the Internal Revenue Code provides that "[i]f any person liable to

pay any tax neglects or refuses to pay the same after demand, the amount (including interest . . .

or assessable penalty . . .) shall be a lien in favor of the United States upon all property and rights

to property whether real or personal, belonging to such person." 26 U.S.C. § 6321. In New

York, that property includes a taxpayer's interest in the stock certificate of a cooperative

apartment and the proprietary interest granted by the cooperative building corporation. See

United States v. 110-118 Riverside Tenants Corp., 886 F.2d 514, 517-18 (1989); see also

Superior Fin. Corp. v. Haskell, 556 F. Supp. 199, 200-01 (S.D.N.Y. 1983); State Tax Comm'n v.

Shor, 43 N.Y.2d 151, 154-55, 371 N.E.2d 523, 400 N.Y.S.2d 805 (1977). Section 6322 of the

Code further provides that the lien imposed "shall arise at the time the assessment is made and

shall continue until the liability for the amount so assessed . . . is satisfied or becomes

unenforceable." 26 U.S.C. § 6322; United States v. McCombs, 30 F.3d 310, 321 (2d Cir. 1994);

see also Drye v. United States, 528 U.S. 49, 56, 120 S. Ct. 474, 145 L. Ed. 2d 466 (1999).

After Wright failed to pay the IRS's valid tax assessments against him (see Fields

Decl., ¶¶ 2-17; Exs. A, B to Fields Decl.), federal tax liens arose and attached to all of Wright's

"property and rights to property," 26 U.S.C. § 6321, and those liens attached "at the time the

assessment[s were] . . . made," 26 U.S.C. § 6322.

The government is entitled to foreclose its tax liens on Wright's apartment and

after the government moves after judgment for an order of sale, if the motion is granted, the

apartment can be sold and the proceeds distributed according to the interests of any parties who

have liens or claims any interest in the Apartment pursuant to Section 7403 of the Internal

Revenue Code. See 26 U.S.C. § 7403; see also Rodgers, 461 U.S. at 708-09.

Defendant 310 West 56th Street Corporation has opposed the government's

motion for summary judgment, but only to the extent the government seeks a determination of

the priority of competing liens, including any outstanding indebtedness due on the mortgage held

by Bayview and any indebtedness due 310 West 56th Street Corporation. However, as the

government specifically concedes, the extent and priority of the various security interests in the

Apartment are beyond the scope of the present motion for summary judgment. Those issues will

be addressed in any post-judgment motion for an order of sale by the United States.

Accordingly, plaintiff's motion for summary judgment [23] is granted and the

Clerk of Court shall enter judgment (1) in the amount of $401,608.62; (2) foreclosing the tax

liens on the Apartment; and (3) decreeing that the Tax Liens shall be foreclosed by a sale of the

Apartment, upon post-judgment motion for an order of sale to be filed by the United States.

Dated: New York, New York
       July 8, 2008

SO ORDERED:

Sidney H. Stein, U.S.D.J.